UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER D. HETTINGER AND PDH
ASSOCIATES, LLC,

                       Plaintiffs,                       Case No. 08-CIV-6466 (LTS)

              V.                                 **ANSWER**

NOEL KLEINMAN, REID KLEINMAN,
ALPHA BEAUTY WHOLESALERS, INC.
AND ALPHA BEAUTY DISTRIBUTORS, INC.,

                       Defendants.
------------------------------------------------------------X

      Defendants, Noel Kleinman, Reid Kleinman, Alpha Beauty Wholesalers, Inc. and Alpha Beauty Distributors, Inc. ("Alpha Beauty"), by their attorney, Goodman & Saperstein, as and for their Answer to Plaintiff's Complaint, hereby allege as follows:

### AS TO JURISDICTION AND VENUE

1.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "1" of the Complaint.

### AS TO THE PARTIES

2.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" and "3" of the Complaint.

### AS TO THE FACTS

3.      Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7", "16", "18", "19" and "22" of the Complaint.

4.      Deny the allegations contained in Paragraphs "8" of the Complaint, except admit that the Kleinmans have been employed by corporations whose business has been the wholesale sales and distribution of beauty products.

5.  Admit the allegation of Paragraph "9" of the Complaint to the extent that Alpha Wholesalers, Inc. (Alpha Wholesalers"), was dissolved on May 15, 2008, but otherwise deny each and every allegation contained in Paragraph "9" of the Complaint.

6.  Admit the allegations of Paragraph "14" of the Complaint to the extent that Alpha Wholesalers through the Kleinmans informed Hettinger that it was having problems with one of its investors, but otherwise deny each and every allegation contained in Paragraph "14" of the Complaint.

7.  Deny each and every allegation contained in Paragraphs "10", "11". "12", "13", "15", "17", "23", "24", "25" and "26" of the Complaint.

8.  Deny the allegations contained in Paragraph "20" of the Complaint, except admit that Hettinger agreed to make a Two Hundred Thousand and 00/100 ($200,000.00) dollars investment in Alpha Beauty, and otherwise deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "20" of the Complaint.

9.  Deny the allegations contained in Paragraph "21" of the Complaint, except admit that Hettinger sent a bank check in the amount of Two Hundred Thousand and 00/100 ($200,000.00) dollars payable to Alpha Beauty and a letter, which is annexed to the Complaint, which letter speaks for itself and is submitted to the Court for interpretation and effect.

**AS TO FIRST CLAIM FOR RELIEF**

10. Defendants repeat and reallege Paragraphs "1" through "9" of the Complaint as though more fully set forth herein.

11. Admit the allegation in Paragraph "29" of the Complaint that Defendants have not repaid

the Two Hundred Thousand and 00/100 ($200,000.00) dollars, but deny that they have any obligation to do so.

12.     Deny each and every allegation contained in Paragraph "28" of the Complaint.

## AS TO SECOND CLAIM FOR RELIEF

13.     Defendants repeat and reallege Paragraphs "1" through "12" as though more fully set forth herein.

14.     Deny each and every allegation contained in Paragraphs "31", "32", "33", "34", "35" and "36" of the Complaint.

## AS TO THIRD CLAIM FOR RELIEF

15.     Defendants repeat and reallege Paragraphs "1" through "14" as though more fully set forth herein.

16.     Defendants repeat and reallege each and every allegation set forth in Paragraphs "38", "39", "40", "41" "42" and "43" of the Complaint.

## AS TO FOURTH CLAIM FOR RELIEF

17.     Defendants repeat and reallege Paragraphs "1" through "16" as though more fully set forth herein.

18.     Deny each and every allegation contained in Paragraphs "45" and "46" of the Complaint.

## AS TO FIFTH CLAIM FOR RELIEF

19.     Defendants repeat and reallege Paragraphs "1" through "18" as though more fully set forth herein.

20.     Deny each and every allegation contained in Paragraphs "48", "49", "50", "51" and "52" of the Complaint.

### AS TO SIXTH CLAIM FOR RELIEF

21.     Defendants repeat and reallege Paragraphs "1" through "20" as though more fully set forth herein.

22.     Deny each and every allegation contained in Paragraphs "54, "55" and "56" of the Complaint.

### AS TO SEVENTH CLAIM FOR RELIEF

23.     Defendants repeat and reallege Paragraphs "1" through "22" as though more fully set forth herein.

24.     Deny each and every allegation contained in Paragraphs "58", "59", "60" and 61" of the Complaint.

### AS TO EIGHTH CLAIM FOR RELIEF

25.     Defendants repeat and reallege Paragraphs "1" through "24" as though more fully set forth herein.

26.     Deny each and every allegation contained in Paragraph "63" of the Complaint.

### AS TO NINTH CLAIM FOR RELIEF

27.     Defendants repeat and reallege Paragraphs "1" though "26" as though more fully set forth herein.

28.     Deny each and every allegation contained in Paragraphs "65", "66" and "67" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.     The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. The Second Claim For Relief must be dismissed as the Complaint fails to plead with sufficient particularity the circumstances constituting the fraud.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31. Both the Third Claim for Relief and the Fourth Claim for Relief must be dismissed as the Independent Contractor Agreement appended to the Complaint clearly states that "it shall be governed for all purposes by the Laws of the State of Florida."

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32. The Seventh Claim for Relief must be dismissed as having plead the existence of express contracts which cover the subject matter of the claims, Plaintiff cannot sue in quasi-contract.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33. That the Letter Agreement annexed to Complaint as Exhibit "C" was between Hettinger and Alpha Beauty.

34. That Alpha Beauty duly performed all that was required of it pursuant to the Letter Agreement, including providing Hettinger with a proposed "Operating Agreement", in the form of a Shareholders Agreement, which was prepared by Alpha Beauty's counsel, since Alpha Beauty is a corporation and not a limited liability company.

35. That as admitted by Hettinger in Paragraph "54" of the Complaint, the Letter Agreement contained an implied covenant of good faith and fair dealing.

36. That in or about April, 2008, in correspondence to the Kleinmans, Hettinger pressed for a return of the Two Hundred Thousand and 00/100 ($200,000.00) dollars he invested in Alpha Beauty.

37. That in this correspondence, Hettinger stated that he was uncomfortable with the investment because he lived too far from Alpha Beauty to become involved in its daily affairs.

38. That Hettinger further stated that since the Shareholders Agreement he would find acceptable would have been a challenge for the Kleinmans to accept, per the Letter Agreement, he was entitled to a return of the Two Hundred Thousand and 00/100 ($200,000.00) dollars.

39. That in utilizing as an acceptable Shareholders Agreement one that would become a challenge for the Kleinmans to accept, as a pretext to get his money back, Hettinger breached the implied covenant of good faith and fair dealing.

40. The implied covenant of good faith and fair dealing required Hettinger to accept a Shareholders Agreement that conformed to what he proposed in Exhibit "C" to the Complaint, and not one which would become a challenge for the Kleinmans to accept.

41. That in view of the foregoing, clearly Hettinger was not acting in good faith or dealing fairly with Alpha Beauty.

42. That by reason of the foregoing, the First Claim For Relief, the Sixth Claim for Relief, the Seventh Claim for Relief and the Eighth Claim for Relief must be dismissed.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

43. The Eighth Claim for Relief must be dismissed because Hettinger has not come into Court with clean hands.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

44. That at all times mentioned in the Complaint, Noel Kleinman and Neil Kleinman were

acting in their representative capacity with respect to Alpha Beauty, Alpha Group, Inc. and Alpha Wholesalers, Inc.

45. That the Contracts Plaintiffs claimed were breached, were signed by the Kleinmans in their representative capacity only, and not in their individual capacity.

46. That by reason of the foregoing, the Complaint against them must be dismissed.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint, together with costs and disbursements of this action and any and all further relief which as to this Court may seem just and proper.

Dated: Garden City, New York
August 20, 2008

GOODMAN & SAPERSTEIN

By: _____
Stanley R. Goodman, (SG 2500)
Attorney for Defendants
600 Old Country Road
Garden City, New York 11530
(516) 227-2100

TO: Peter J. Pizzi, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068

C:\WORK-2008\WORK\KLEINMAN\ALPHA BEAUTY 2965\HETTINGER and PDH\Answer.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PETER D. HETTINGER AND PDH
ASSOCIATES, LLC,

                       Plaintiffs,                   Case No. 08-CIV-6466 (LTS)

    V.
NOEL KLEINMAN, REID KLEINMAN,
ALPHA BEAUTY WHOLESALERS, INC.
AND ALPHA BEAUTY DISTRIBUTORS, INC.,

                       Defendants.
-----------------------------------------------------------X

## CERTIFICATE OF SERVICE

I, Patricia Beers, being a resident of Lynbrook, New York, over the age of 18 years, and not a party to this action, do hereby certify that the foregoing **ANSWER** was this day served by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within this State, addressed to each of the following person(s) at the last known address set forth after each name:

    Peter J. Pizzi, Esq.
    CONNELL FOLEY LLP
    85 Livingston Avenue
    Roseland, NJ 07068

Dated: Garden City, New York
       August 20, 2008

                                                    *Patricia Beers*
                                                    **Patricia Beers**